UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

BURTON-KATZMAN
DEVELOPMENT COMPANY, INC.,

Case No. 10-66734-MBM
Chapter 7
Hon. Marci B. McIvor

                             Debtor.    /

## OPINION REGARDING CITY OF DEARBORN'S
## MOTION FOR FEES AND COSTS

Creditor, City of Dearborn, seeks attorney fees and costs incurred in Debtor Burton-Katzman Development Company's Chapter 7 bankruptcy proceeding. The City of Dearborn is represented by Clark Hill PLC in Debtor's bankruptcy proceeding. The amount of fees and costs is opposed not by Debtor, but rather by Debtor's principals, Peter Burton, the Burton Trust, Robert Katzman and the Katzman Trust (hereinafter referred to as "Debtor's principals"). Debtor filed a one page concurrence with Debtor's principals' response. For the following reasons, this Court awards the City of Dearborn fees and costs in the amount of $39,982.55.

## FACTUAL BACKGROUND

On August 26, 2010, Debtor Burton-Katzman Development Company, Inc. filed a bankruptcy proceeding under Chapter 7 of the Bankruptcy Code. Debtor's schedules listed no assets and no liabilities. In fact, Debtor's schedules were completely blank. The bankruptcy petition was signed by Robert M. Katzman, Secretary. The corporate records of the State of Michigan show that Debtor had filed a Certificate of Dissolution on April 2, 2008. Notwithstanding the Certificate of Dissolution, Debtor filed

"Resolutions of the Board of Directors of B K Development, Inc.", dated August 24, 2010. The resolution authorized the Debtor to file a bankruptcy proceeding. On that same day, two other entities owned by the same principals, Westminster Homes, LLC, and West Village Commons, LLC, also filed for bankruptcy.

On the date Debtor, West Village Commons and Westminster Homes filed for bankruptcy, these entities and their principals were Defendants in litigation commenced by the City of Dearborn in Wayne County Circuit Court. That litigation remains pending. The law firm of Zausmer, Kaufman, August, Caldwell and Tayler represents the City of Dearborn in the state court litigation. The details of the state court litigation are fully set forth in the City of Dearborn's Motion for Relief from Stay, filed in this case on September 26, 2010. (Docket #21).

Shortly after Debtor, West Village Commons and Westminster Homes filed for bankruptcy, each entity filed a Motion for Order Enforcing Automatic Stay and assessing sanctions and costs against the City of Dearborn. The City of Dearborn filed a response and shortly thereafter filed a Motion for Relief from the Stay in all three cases. On September 28, 2010, this Court entered an Order in all three cases granting relief from the automatic stay for the purpose of allowing the City of Dearborn to liquidate its claims against the three Debtors and Debtors' principals.

On November 15, 2010, the Chapter 7 Trustee filed a Motion to Dismiss Debtor's Chapter 7 bankruptcy proceeding pursuant to 11 U.S.C. § 707(a). The basis of the Motion was that Debtor's schedules showed no assets and no liabilities and that Debtor's Statement of Financial Affairs showed that Debtor had not had any income within two years of filing for bankruptcy. The Motion alleged that the bankruptcy filing

was in bad faith. On December 2, 2012, the City of Dearborn filed a concurrence with the Chapter 7 Trustee's Motion. On or about April 11, 2011, Debtor agreed to dismissal of its case. The City of Dearborn opposed the dismissal of Debtor's case without a specific finding that the filing of the case had been in bad faith.

On May 4, 2011, the City of Dearborn filed its own Motion to Dismiss pursuant to 11 U.S.C. § 707(a), alleging that Debtor's bankruptcy petition was filed in bad faith. In addition to the factual allegations made by the Chapter 7 Trustee, the City of Dearborn noted that Debtor had filed a Certificate of Dissolution with the Michigan Department of Energy, Labor and Economic Growth on April 2, 2008, over 2 years prior to filing for bankruptcy.

On June 28, 2012, the Court held a hearing on the City of Dearborn's Motion to Dismiss. At the conclusion of the hearing, the Court issued a bench ruling granting the Motion and finding that the bankruptcy filing had been in bad faith. On June 30, 2011, the Court entered an Order Granting the Motion to Dismiss. The Order stated in relevant part:

1. The Motion is granted.

2. The above-captioned chapter 7 case of Burton-Katzman Development Company, Inc. is dismissed pursuant to Bankruptcy Code section 707(a) as being filed in bad faith, subject to any hearing to be conducted pursuant to paragraph 3 below.

3. The City of Dearborn is awarded its reasonable fees and costs incurred as a result of the bad-faith filing, in an amount to be determined by the Court.

On October 31, 2011, the City of Dearborn filed a Motion for Order Fixing the Award of Fees and Costs (hereinafter "Motion for Fees and Costs"). In addition, the

City of Dearborn filed a Motion for Order Determining that Peter Burton, the Burton Trust, Robert Katzman, and the Katzman Trust are Liable for an Award to the City of Dearborn of its Fees and Costs Incurred as a Result of the Debtor's Bad-Faith Bankruptcy Filing (hereinafter "Motion to Find Principals Liable for Fees and Costs").

On December 5, 2011, Debtor filed a Motion for Reconsideration of the Order of Dismissal entered on June 30, 2011. On December 22, 2011, the City of Dearborn filed a response to the Motion for Reconsideration. On January 5, 2012, the Court entered an Order Denying the Motion for Reconsideration.

On February 21, 2012, the Court held a hearing on the City of Dearborn's Motion for Fees and Costs and Motion to Find Principals Liable for Fees and Costs. At the conclusion of the hearing the Court issued a bench ruling as to the Motion for Fees and Costs and scheduled an evidentiary hearing for May 7, 2012 on City of Dearborn's Motion to Find Principals Liable for Fees and Costs. With regard to the Motion for Fees and Costs, the Court ruled that the City of Dearborn was entitled to fees and costs for all work performed until April 26, 2011, when Debtor had agreed to dismissal of its case. The Court also ruled that the City of Dearborn was entitled to fees for responding to the Debtor's Motion for Reconsideration. The Court ruled that the City of Dearborn was not entitled to fees for work performed in pursuing a specific finding that Debtor's case had been filed in bad faith. The Court's ruling was memorialized in an Order Granting In Part and Denying in Part City of Dearborn's Motion Requesting Fees and Costs entered on February 22, 2012. That Order required the City of Dearborn to file a fee statement detailing fees and costs during the relevant time period.

On March 13, 2012, the City of Dearborn filed its "Notice of Filing of Fee

Statement Detailing Fees and Costs Incurred by the City of Dearborn (1) Between August 26, 2010 and April 26, 2011; and (II) Between December 5, 2011 and January 5, 2012 in Responding to Debtor's Motion for Reconsideration". The Fee Statement shows fees and costs owing in the following amounts:

| Firm | Period | Fees | Costs | Total |
|---|---|---|---|---|
| Clark Hill PLC[1] | 8/26/10 - 4/26/11 | $40,206.75 | $513.90 | $40,720.65 |
| Clark Hill PLC | 12/5/11 - 1/5/12 | 6,737.00 | 0.00 | 6,737.00 |
| Zausmer, Kaufman, August, Caldwell & Tayler[2] | 8/26/10 - 4/26/11 | 12,202.50 | 0.00 | 12,202.50 |
| Zausmer, Kaufman, August, Caldwell & Tayler | 12/5/11 - 1/5/12 | 1,062.50 | 0.00 | 1,062.50 |
| | **TOTAL** | **$60,208.75** | **$513.90** | **$60,722.65** |

On March 20, 2012, Debtor's principals filed a substantive response to the City of Dearborn's fees. The response raises two issues with regard to the fees sought by the City of Dearborn. First, Debtor's principals argue that certain work performed by the Zausmer Firm, totaling $4,382.50, was not performed in connection with this bankruptcy case and, therefore, should be disallowed. Second, Debtor's principals argue that only

---

[1] As noted above, the law firm of Clark Hill PLC represents the City of Dearborn in bankruptcy court.

[2] The law firm of Zausmer, Kaufman, August, Caldwell & Tayler represents the City of Dearborn in Wayne County Circuit Court.

5

one-third of the work performed by Clark Hill PLC can be attributed to work performed for Debtor because many of the pleadings in Debtor's case are identical to the pleadings filed in the Westminster Homes and West Village Commons cases. Accordingly, since those cases were fully administered by Chapter 7 Trustees and no finding of bad faith was made in those cases, Debtor's principals argue that the City is not entitled to compensation for fees attributable to those cases.

On March 20, 2012, Debtor filed a one paragraph "Joinder" in the Objection filed by Debtor's principals.

## ANALYSIS

In the Sixth Circuit, the lodestar method is used for calculating fees. *In re Boddy,* 590 F.2d 334, 337 (6th Cir. 1991). Under the lodestar method, fees are calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id.* at 337. In this case, the Court must evaluate the fee application submitted by the City under the lodestar method, considering the professional's reasonable hourly rate and the number of hours reasonably expended.

With respect to the hourly rates of the attorneys involved in this case, this Court notes that Debtor's principals have not raised an objection. Further, upon its own examination, the Court finds the hourly rates of the attorneys involved to be reasonable. *In re ACT Manufacturing, Inc.*, 281 B.R. 468, 486 (Bankr. D. Mass. 2002) (Bankruptcy professionals are generally entitled to an hourly fee in line with the prevailing market rates in the community.)

Rather than challenging the City of Dearborn's counsels' rates, or the

6

reasonableness of the number of hours expended, Debtor's principals object that some of the work billed was not related to this Debtor's case and that the work was identical to the work performed in the related cases. Before ruling on these objections, the Court is compelled to state that it is troubled by the fact that the response to the City of Dearborn's Motion for Fees and Costs against Debtor was filed, not by Debtor, but by Debtor's principals. Essentially, Debtor's principals are conceding the point argued by the City of Dearborn in its Motion to Dismiss, that being that this Debtor has no assets and its existence is a fiction. Apparently, the only parties with a stake in the outcome of the City of Dearborn's Motion for Fees and Costs, are Debtor's principals. They are potentially personally liable for the payment of fees and costs. (The Motion to Find Principals Liable for Fees and Costs is scheduled for an evidentiary hearing on May 7, 2012.) The fact that the Response to the City of Dearborn's Motion for Fees and Costs was filed by Debtor's principals, rather than Debtor, provides further support for the Court's June 30, 2011 Order finding that Debtor's case was filed in bad faith.

That being said, the Court will address the objections raised by Debtor's principals. Debtor's principals first object to a portion of the fees for work performed by the Zausmer Firm. Debtor's principals argue that time billed by the Zausmer Firm for appearances at a September 7 and 8, 2010 status conference in the Wayne County action is not compensable. At those hearings, counsel from the Zausmer Firm argued to Judge Sapala that a contempt hearing set for October 1, 2010 could go forward notwithstanding the bankruptcy filings of West Village Commons, Westminster Homes and the Debtor. Debtor's principals argue that the Zausmer Firms's actions violated the automatic stay, and that the Zausmer Firm should not be allowed to recover fees

7

associated with a violation of the automatic stay.[3]  Debtor's principals argue that fees in the amount of $4,382.50 should be disallowed.

This Court rejects Debtor's principals' argument. The Court finds that all of the work billed by the Zausmer Firm on its fee statement, including the September 7 and 8, 2010 entries, is compensable because the work performed by the Zausmer firm on that date was related to this Debtor's filing for bankruptcy.  But for Debtor's filing for bankruptcy, there would have been no need for the Zausmer Firm to attend the Court hearings in Wayne County to argue that the state court action could, and should, go forward.  Accordingly, this Court finds that fees and costs in the amount of $4,382.50 incurred by the Zausmer Firm for attending hearings in the Wayne County Circuit Court on September 7 and September 8 are fees related to Debtor's bad faith filing of its Chapter 7 bankruptcy petition.  Therefore, these fees are allowed.

Debtor's principals' second objection to the City of Dearborn's Motion for Fees and Costs is that much of the work performed by Clark Hill PLC in this case is identical to the work performed in the two companion cases, Westminster Homes and West Village Commons.  The Westminster Homes case was fully administered by the Chapter 7 Trustee and the case is now closed.  The West Village Commons case remains open and the case is being administered by the Chapter 7 Trustee.  There has never been a finding in either of these cases that the filing was in bad faith, nor has an

---

[3]On September 28, 2010, this Court found that the City of Dearborn had violated the stay by continuing the Wayne County litigation.  However, on that same day, this Court entered an Order Lifting the Stay to allow the City of Dearborn to liquidate its claims against Debtor's principals and the three related Debtors.

8

order been entered awarding fees to the City of Dearborn.[4] Debtor's principals argue that the City of Dearborn is attempting to collect fees in this case for work that had to be performed in all three cases. Specifically, Debtor's principals state that the following pleadings were filed in all three cases, and that, but for the caption, the pleadings are identical:

(1) Motion for Relief from Stay;

(2) Declaration of Notice Regarding Judges Recusal on Fee Applications from Clark Hill; and

(3) Objection to Motion to Enforce Automatic Stay.

Debtor's principals argue that because the City of Dearborn filed identical pleadings and made identical arguments in all three cases, the City of Dearborn should only be allowed to recoup one-third of its fees related to pleadings and court time attributable to all three cases.

With respect to the three pleadings referenced above, this Court agrees with the Debtor's principals' objection and grants fees to Clark Hill in the amount of one-third of the fees billed for those pleadings. Had each of the three cases presented different facts and required different analysis by the City of Dearborn, this Court might rule differently. However, the pleadings and arguments associated with the Motions for Relief from Stay, issues with respect to the Judge's recusal, and the Motions to Enforce the Stay, are identical in all three cases, with the exception of the captions. Therefore, the Court is reducing fees requested for that work by two-thirds.

---

[4]As a general rule, in bankruptcy a single creditor is not entitled to have its fees paid by the Debtor. 11 U.S.C. § 327; 11 U.S.C. § 330(a)(1).

While most of the fees and costs billed during the period from August 26, 2010 through April 26, 2011 was for the work attributable to the Motion for Relief from Stay, issues with respect to the Judge's recusal, and the Motion to Enforce the Stay, Clark Hill PLC also billed for work related to the Chapter 7 Trustee's Motion to Dismiss.  The significant distinction between this case and the Westminster Homes and West Village Commons cases is the bad faith issue raised by the Chapter 7 Trustee in her Motion to Dismiss.  The City of Dearborn had to consider every aspect of a potential dismissal, including whether the City should pursue its own motion.  This Court finds that the fees related to the Chapter 7 Trustee's Motion to Dismiss are allowed in full.  Specifically, this Court finds that $9,610.50 of Clark Hill's fees for the period August 26, 2010 through April 26, 2011 are attributable to work related to the dismissal of Debtor's case.

The City of Dearborn's Motion for Fees and Costs is granted in part and denied in part.  The City of Dearborn is awarded the amount of $39,982.55.  The chart set forth below summarizes the Court's ruling:

## SUMMARY OF FEES AWARDED TO THE CITY OF DEARBORN

| Firm | Period | Work | Fees | Costs | Total |
|---|---|---|---|---|---|
| Clark Hill PLC | 8/26/10 - 4/26/11 | Performed in all three cases | $10,198.75 | $171.30[5] | $10,370.05[6] |
| Clark Hill PLC | 8/26/10 - 4/26/11 | Performed with respect to Motion to Dismiss | $ 9,610.50 | $ 0.00 | $ 9,610.50 |
| Clark Hill PLC | 12/5/11- 1/5/12 | All | $ 6,737.00 | $ 0.00 | $ 6,737.00 |
| Zausmer, Kaufman, August, Caldwell & Tayler | 8/26/10 - 4/26/11 | All | $12,202.50 | $ 0.00 | $12,202.50 |
| Zausmer, Kaufman, August, Caldwell & Tayler | 12/5/11 - 1/5/12 | All | $1,062.50 | $ 0.00 | $ 1,062.50 |
| | | **TOTAL** | | | **$39,982.55** |

---

[5]This amount represents one-third of the $513.90 billed for costs. All costs appear to be attributable to work performed in all three cases, as per Clark Hill's fee and cost statements. See invoice dated November 8, 2010.

[6]This amount was calculated as follows:

| | |
|---|---|
| Fees requested by Clark Hill for the period 8/26/10 through 4/26/11 | $40,206.75 |
| Fees attributable to the Motion to Dismiss (calculated by reference to Clark Hill's fee statements) | - 9,610.50 |
| Fees attributable to work performed in all three cases | $30,596.25 |
| | /3 |
| One-third of the amount of fees attributable to work performed in all three cases | $10,198.75 |

11

## CONCLUSION

For the above-stated reasons, the Court awards the City of Dearborn fees and costs in the amount of $39,982.55.

Signed on April 10, 2012

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge